FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 1 5 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHAHLA DAVIES,

                Plaintiff,

-against-

CHRISTOPHER A. TAYLOR, GLOBALTEQ USA,
INC., GLOBALTEQ AMERICAS INC., and GTIPAY
LTD. dba GTiPay INC.,

                Defendants.
------------------------------------------------------------------x

OPINION AND ORDER

17-cv-6586 (NG) (SJB)

GERSHON, United States District Judge:

Plaintiff has moved to remand this matter to state court based on three separate grounds: untimeliness; waiver; and that defendants are New York State citizens and therefore cannot remove a case filed in New York State court. Oral argument was held on December 7, 2017. At the oral argument, I decided that a hearing is necessary to determine whether plaintiff was served and where the defendants are domiciled, and therefore I reserved decision on the untimeliness and citizenship arguments pending that hearing.

No hearing is necessary with respect to plaintiff's waiver argument. I now reject that argument as a basis for remand. This opinion and order has no effect on the schedule set for the hearing on plaintiff's other grounds for remand, and does not terminate plaintiff's motion for remand. (Docket No. 4.)

Plaintiff's position as to waiver is twofold: (1) by moving for affirmative relief in the form of a Temporary Restraining Order ("TRO") in State court, defendants waived their right to later remove the case; and (2) defendants should be estopped from removing because they signed a stipulation in state court which states that they "shall move to vacate the judgment [by] November

1

27, 2017" and that their motion "shall be made returnable in [Kings County Supreme Court]." Both arguments are without merit.

Defendants may "waive their right to remove where they demonstrate an intention to litigate in the state forum." *Hill v. Citicorp*, 804 F. Supp. 514, 517 (S.D.N.Y. 1992). "The basic inquiry involves the *nature* of the action taken in state court before the removal petition is filed. If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred." Conversely, "if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion." *Id.*; *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989).

Here, defendants moved for a TRO to stop plaintiff from enforcing the default judgment she had obtained against defendants, on the grounds that defendants had never been served. Plaintiff agreed to a stay of enforcement of the judgment while the parties briefed defendants' anticipated motion to vacate the default. Prior to filing the motion to vacate the default, defendants removed the matter. The actions prior to removal were "only to preserve the *status quo ante*," and did not "seek a disposition, in whole or in part, of the action on its merits." Defendants did not waive their right to remove merely by seeking emergency relief to stay enforcement of a judgment before the court that had issued the judgment against them.

As to the estoppel argument, the parties signed a "Stipulation and Consent Order" which sets a briefing schedule on defendants' anticipated motion to vacate the default judgment, and specifies that the motion shall be made returnable in State court. The case cited by plaintiff in arguing that this operates as a waiver of the right to remove stands for the proposition that a party can contract away its right to remove a case by signing a contract that contains a forum selection

clause. *See, e.g., TMC Co. v. M/V Mosel Bridge*, 2002 WL 1880722 (S.D. N.Y. Aug. 15, 2002). That proposition is not in doubt, but neither is it applicable here. There is absolutely no evidence that this Stipulation and Consent Order was intended to address forum selection or defendants' right to remove the case, or that those issues were even contemplated when the stipulation was signed. Rather, the stipulation was an agreement to a briefing schedule regarding an anticipated motion, which was purely defensive in nature and meant to restore the *status quo ante*. Absent any indication that the stipulation contemplated forum selection, I decline to hold that defendants contracted away their right to remove the case.

The schedule for submissions in advance of the hearing on plaintiff's other two grounds for remand remains in place. The motion to remand (Docket No. 4) remains open.

SO ORDERED.

Dated: December __, 2017
Brooklyn, New York

/s/ *Nina Gershon*

**NINA GERSHON**
**United States District Judge**